IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

STEPHON CHATFIELD

      Plaintiff,

v.   No.

CHILDREN'S SERVICES, INC.

      Defendant.

_____

## PLAINTIFF'S COMPLAINT

Plaintiff Stephon Chatfield brings the following Complaint against Defendant Children's Services, Inc., and in support thereof avers as follows:

### Nature of Claim

1. Plaintiff's Complaint concerns violations of the Fair Labor Standards Act of 1938, 29 U. S. C. 201 et. seq. ("FLSA") and the Pennsylvania Minimum Wage Act, 42 Pa. C. S. 333.101, et. seq. ("PMWA").

### Jurisdiction

2. This Court has federal question jurisdiction of this matter pursuant to 28 U. S. C. 1331 (Count I) and supplemental jurisdiction over the Pennsylvania state law claim under the PMWA (Count II) pursuant to 28 U. S. C. 1367.

3. Venue is appropriate in this Court since the parties reside in this jurisdiction and the events in question took place in this jurisdiction.

**Parties**

4.      Plaintiff Stephon Chatfield ("Chatfield") is an individual who resides at 322 Fern Street, Darby, PA 19023.

5.      Defendant Children's Services, Inc., ("CSI") is a non-profit agency, which provides social services and other related programs. CSI operates its principal place of business at 1315 Walnut Street, Philadelphia, PA 19107.

6.      Defendant CSI actively receives funding through the United States Department of Health and Human Services, the City of Philadelphia, the United Way and other donors outside the Commonwealth of Pennsylvania.

7.      In its regular course of business Defendant CSI performs business activities in connection with the activities of public agencies such as the governments of the United States of America, the Commonwealth of Pennsylvania and the City of Philadelphia.

**Underlying Facts**

8.      Plaintiff Chatfield commenced employment with Defendant CSI as a Truancy Case Manager on September 28, 2005. Plaintiff has continuously employed with Plaintiff at all times thereafter.

9.      As a Truancy Case Manager Plaintiff serves as a Caseworker performing a variety of duties related to intake and placement of clients, case management and supportive counseling. Plaintiff's duties include development of individual service plans for each client/family; coordination of services, home visits and documentation.

10. Truancy Case Managers are required to take have a Bachelor's degree in psychology, social work, counseling, sociology, education, criminal justice, or a similar human service field and zero (0) to three (3) years of experience in social work or a related field.

11. When Plaintiff accepted Defendant's offer of employment Plaintiff was advised than he would receive a caseload of 25 cases, work 9:00 a.m. to 5:00 p.m. Monday through Friday and be paid an annual salary of $35,000.00.

12. Immediately after Plaintiff commenced employment, Plaintiff was assigned a much greater caseload of approximately 40 cases monthly. As a consequence, it was impossible for Plaintiff to complete the assigned caseload work from 9:00 a.m. to 5:00 p.m. Monday through Friday. Consequently, Plaintiff actually worked approximately 60 hours per week through December 2006.

13 Defendant has acknowledged to Plaintiff that it recognizes that he has worked more than 40 hours per week.

14. Defendant has acknowledged that Plaintiff should have received additional compensation for working in excess of forty hours per week.

15. From the commencement of employment through December 2006 Plaintiff was paid a bi-monthly salary.

16. While Defendant maintains certain employee "time worked" reports, Plaintiff was instructed to fill complete these records as showing a forty (40) hour workweek despite the actual hours Plaintiff worked.

17. At no time during Plaintiff's employment through December 2006 was Plaintiff ever provided any extra compensation of any form for working in excess of

forty hours per week.

18. Defendant paid Plaintiff the same amount per week regardless of the fact that he worked over forty hours per week.

19. Throughout his employment Plaintiff served in an efficient and capable fashion.

## COUNT I

**VIOLATION OF THE FAIR LABOR STANDARDS ACT
29 U. S. C. 201 et. seq.**

20. Paragraphs 1 to 19 are incorporated herein as if set forth in full.

21. Plaintiff has been an employee within the meaning of 29 U. S. C. 203(e)(1) of the FLSA during the length of his employment with Defendant.

22. Defendant is an employer within the meaning of 29 U. S. C. 203(d) and 29 U. S. C. 203(e)(1) of the FLSA.

23. Defendant compromises an enterprise and / or an enterprise engaged in commerce and in the production of goods for commerce within the meaning of the 29 U. S. C. 207 of the FLSA.

24. During his employment with Defendant, Plaintiff was engaged in commerce, engaged in the production of goods for commerce and / or employed in an enterprise engaged in commerce or in the production of goods for commerce.

25. Defendant failed to comply with the maximum hours provisions of 29 U. S. C. 207 of the FLSA by failing to pay Plaintiff time and one-half of his regular rate for hours worked in excess of forty hours per week.

26. Plaintiff is a party to whom wages are owed.

27. Defendant's acts were willful, as Defendant should have known of the FLSA's requirements.

28. Defendant's failures violated the overtime provisions of the FLSA.

WHEREFORE, Plaintiff Stephon Chatfield respectfully requests that this Court enter judgment in his favor against Defendant Children's Services, Inc., for (1) all amounts of overtime wages that Plaintiff should have received under the FLSA but for Defendant's violation of his rights; (2) liquidated damages as provided under the FLSA (3) reasonable attorneys' fees, expert witness fees, interest and costs; (4) and any other relief, which the Court deems appropriate.

## COUNT II

### VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT
### 42 Pa. C. S. 333.101, et seq.

29. Paragraphs 1 through 28 are incorporated herein as though set forth in full.

30. Plaintiff was an employee within the meaning of the PMWA during the length of his employment with Defendant.

31. Defendant is an employer within the meaning of the PMWA.

32. Defendant failed to comply with the maximum hours provisions of the PMWA by failing to pay Plaintiff time and one-half of his regular rate for hours worked in excess of forty hours per week.

33. Plaintiff is a party to whom wages are owed.

34. Defendant's failures violated the overtime provisions of the PMWA.

WHEREFORE, Plaintiff Stephon Chatfield respectfully requests that this Court enter judgment in his favor against Defendant Children's Services, Inc., for (1) all

amounts of overtime wages that Plaintiff should have received under the PMWA; (2) all damages provided by the PMWA; (3) reasonable attorneys' fees, expert witness fees, interest and costs; (4) and any other relief, which the Court deems appropriate.

/S/ aa913
_____
Andrew S. Abramson, Esq.
Law Offices of Andrew S. Abramson
The Pavilion
261 Old York Road
Suite 509
P. O. Box 724
Jenkintown, PA 19046
215-517-6651

Attorney for Plaintiff Stephon Chatfield

Dated: June 4, 2007