IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHON CHATFIELD | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CHILDREN'S SERVICES, INC., | : | NO. 07-2267 |

## <u>MEMORANDUM AND ORDER</u>

Ditter, J.                                                                    May 20, 2008

This is an action alleging that defendant violated the Fair Labor Standards Act of 1983 ("FLSA"), 29 U.S.C. § 201, and the Pennsylvania Minimum Wage Act by failing to pay the plaintiff, Stephon Chatfield, overtime wages.  Before me are cross motions for summary judgment seeking a declaration of Chatfield's status as an exempt or non-exempt employee.  For the reasons that follow, I find that Chatfield meets the learned professional exemption and I will grant defendant's motion for summary judgment.

Chatfield is employed by Children's Services, a social service agency which provides child welfare programs, behavioral health programs, and after-school programs to children and families in Philadelphia.  Chatfield is a Truancy Prevention Case Manager ("TPCM") and is responsible for assessing whether truancy is occurring, assessing the needs of the child and his or her family, recommending treatment, and ensuring that families receive appropriate resources.

The FLSA requires that employees be compensated at one and one-half times their regular pay rate for each hour worked in excess of forty hours per week.  However, the FLSA provides that certain employees need not be paid overtime, and these exemptions are to be "narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within their terms and spirit."  *Arnold v. Ben*

*Kanowsky, Inc.*, 361 U.S. 388, 392 (1960).

To be an exempt employee one must be:

(1) Compensated on a salary or fee basis at a rate of not less than $ 455 per
week . . . exclusive of board, lodging, or other facilities; and
(2) Whose primary duty is the performance of work:
(i) Requiring knowledge of an advanced type in a field of science or learning
customarily acquired by a prolonged course of specialized intellectual instruction[.]
*29 C.F.R. 541.300*.

The parties have stipulated that the plaintiff earned an annual salary of $35,000 and

therefore meets the salary requirement.  The question at issue is whether Chatfield meets the

primary duty requirement under the learned professional exemption, *29 C.F.R. 541.301*.

The primary duty test for the learned professional exemption includes three elements:

"(1) The employee must perform work requiring advanced knowledge; (2) The advanced

knowledge must be in a field of science or learning; and (3) The advanced knowledge must be

customarily acquired by a prolonged course of specialized intellectual instruction."  *29 C.F.R.*

*541.301(a)*.

1.  Work Requiring Advanced Knowledge: Exercise of Discretion and Judgment

The advanced knowledge work requirement is met where the employee's work is

"predominantly intellectual" and involves "the consistent exercise of discretion and judgment."

29 C.F.R. § 541.301 (2007).  "Advanced knowledge cannot be attained at the high school level."

*Id.*

The Department of Labor ("DOL") has previously considered whether social workers

exercised the necessary degree of discretion and independent judgment to meet the professional

exemption.  *See U.S. Dep't of Labor Wage & Hour Opinion Letter, Jan. 24, 2001 (Def's Mot.*

*For Summ. J., Ex. B).*[1]  The caseworkers seeking the opinion were responsible for assessing the needs of each client– child and family; developing and recommending to the court an appropriate treatment plan; evaluating each client's progress; and determining a permanency plan to insure that every child had a permanent home.  The caseworkers made decisions based on each individual case, they were not subject to daily supervision, and they regularly had to make emergency decisions without any supervisory input.  The DOL concluded that such a position met the professional exemption.

Chatfield's TPCM position is very similar.  Each case manager must make an initial assessment of whether truancy is actually occurring based on his or her own discretion and judgment, visit the child's school monthly and the child's home bimonthly, talk to the child's family, assess the family's needs, and ensure they receive the appropriate resources.  TPCMs also testify in court and provide recommendations regarding treatment of the child and the child's family.  *See Revised Joint Statement of Uncontested Facts, ¶¶ 21-23*.

Chatfield argues that because he is subject to supervision, he does not exercise the requisite discretion and judgment.  Indeed, the job description for the TPCM position states that the case managers are "accountable to and receive weekly designated supervision from a supervisor."  However, an employee may exercise discretion and judgment even with some supervision.  *See Reich v. Wyoming*, 993 F.2d 739, 743 (10th Cir. 1993)(holding game wardens exercise discretion and independent judgment despite supervisors setting yearly work schedules and goals and having to account for their time on a monthly basis); *Owsley v. San Antonio Ind.*

---

[1]"Although statements contained in agency opinion letters are not entitled to *Chevron* deference, they are 'entitled to respect' to 'the extent that those interpretations have the power to persuade.'" *Sommer v. Vanguard Group*, 461 F.3d 397, 401 n.3 (3d Cir. 2006)(quoting *Christensen v. Harris County*, 529 U.S. 576, 587 (2000)).

*Sch. Dist.*, 187 F.3d 521, 526 (5th Cir. 1999)(holding athletic trainers who work under supervision of a physician nonetheless exercise discretion in determining an athlete's return to playing and communicating with parents, trainers, and coaches).

Chatfield's supervisor stated in her deposition testimony that approximately 90% of the time TPCMs make a complete assessment within their discretion and she supports their decisions.  I therefore find that the TPCM position involves the exercise of discretion and judgment, and that Chatfield exercises independent discretion and judgment in performing his job.  Thus, the first test to determine an exempt position is met.

2.  Field of Science or Learning

A "field of science or learning" is defined by a long list of professions including law, medicine, accounting, teaching, pharmacy "and other similar occupations that have a recognized professional status as distinguished from the mechanical arts or skilled trades."  *29 C.F.R. 541.301(c)*.

The DOL has found that social work requires advanced knowledge in a field of science or learning.  *See U.S. Dep't of Labor Wage & Hour Opinion Letter, Nov. 4. 2005* (*Pl.'s Mot. For Summ. J., Ex. 3*).  The agency seeking guidance was charged with "strengthen[ing] family life by providing counseling, education, and advocacy programs to individuals and families."  Here, Children's Services "is a child welfare/behavior health agency providing a spectrum of services from prevention to remedial services to children and families."  *Revised Joint Statement of Uncontested Facts*, ¶ 4.  The mandates of these agencies are sufficiently similar to persuade me that the TPCM position requires knowledge in a field of science or learning.  Therefore, the second test to determine an exempt position is met.

4

#### 3. Specialized Instruction

The requirement of a "prolonged course of specialized intellectual instruction" is met by the "possession of the appropriate academic degree" or "through a combination of work experience and intellectual instruction." *29 C.F.R. 541.301(d)*.  The exemption is not available if the job "may be performed with only general knowledge acquired by an academic degree in *any* field" or where "*most employees* have acquired their skill by experience rather than by advanced specialized intellectual instruction."  *Id.* (emphasis added).

Children's Services argues that the TPCM position meets the specialized instruction requirement because it requires a bachelor's degree in social work, human services, or a related field plus three years of work experience providing community-based social support, or alternatively seven years of work experience providing community-based social support. Consistent with these requirements, Chatfield has a bachelor of science degree with a major in psychology and a minor in sociology and over three years of previous experience as a foster care social worker and independent living social worker for Tabor Children's Services, Inc., and a customer service representative for Magellan Behavioral Health.[2]

Chatfield argues that because a TPCM is only required to have a bachelor's degree, and not an advanced degree, and the degree may be in a "related field," and not a specific field, the position is not exempt.  He further argues that because the Department of Labor issued an opinion letter in 2005 denying the exemption to caseworkers whose only prerequisite was a

---

[2] Although I note Chatfield's education and experience, I am mindful that Courts of Appeals have held "the determinative factor in analyzing whether an employee falls within this prong is the job requirements rather than the education the employee received . . ."  171 F.3d 427, 545 (7th Cir. 1999)(citing *Dybach v. Fla. Dep't of Corrections*, 942 F.2d 1562, 1565 (11th Cir. 1991)).

bachelor's degree in social sciences, the TPCM position must likewise be non-exempt.  *Citing U.S. Dep't of Labor Wage & Hour Opinion Letter No. 2005-50* (Nov. 4. 2005).

Although the Third Circuit has not addressed the Act's educational requirement, a number of other courts of appeals have.  The Eleventh Circuit found that where a probation officer was required to simply have a college degree in *any* field, which need not be related to law enforcement, the failure to "require a college or advanced degree in any specialized field of knowledge" defeated the professional exemption.  *Dybach v. Fla. Dep't of Corrections*, 942 F.2d 1566, 1565 (11th Cir. 1991)).  However, athletic trainers who were required to have a bachelor's degree *in any field*, along with 1800 hours of apprenticeship over three years and 15 hours of college courses in specified subjects such as human anatomy, human physiology, and athletic training, met the specialized training required for exemption.  *Owsley*, 187 F.3d at 525 (5th Cir. 1999).  The Fifth Circuit specifically held "that brevity of the trainers' course of specialized study does not preclude its inclusion under the 'learned' prong." *Id*.

Requiring game wardens to have a bachelor's degree in "wildlife management, wildlife biology, or a closely related field," along with additional basic law enforcement training, meets the course of instruction requirement for a professional exemption.  *Reich v. Wyoming*, 993 F.2d 739, 741 (10th Cir. 1993).  *But see Fife v. Harmon*, 171 F.3d 1173, 1176 (8th Cir. 1999)(agreeing with the district court, in dicta, that Airfield Operations Specialists did not meet the advanced knowledge requirement where the minimum qualifications were a bachelor's degree in aviation or a directly related field, four years of experience in aviation administration, or some combination of the two).

Even where no degree was required, a funeral director and embalmer position nonetheless

qualified as specialized intellectual instruction because the employee had to complete a year of mortuary science school, two years of college including specific classes in chemistry and psychology, and practice as an apprentice for one year. *Rutlin v. Prime Succession, Inc.*, 220 F.3d 737, 742 (6th Cir. 2000). Similarly, a construction superintendent position which did not require "a specific and mandatory educational prerequisite" nonetheless was covered by the professional exemption. *Stevins v. Provident Construction Co.*, 137 Fed. Appx. 198, 199 (11th Cir. 2005). The Eleventh Circuit held that the "regulations do not require that an exempt professional hold a bachelor's degree; rather, the regulations require that the duties of a professional entail advanced, specialized knowledge." However, emergency medical technicians and paramedics who were not required to have a college degree *did not* meet the educational requirement of the professional exemption where they had to complete only 200 and 880 hours respectively of didactic training, clinical experience, and field internships. *Vela v. Daley*, 276 F.3d 659, 675 (5th Cir. 2001).

Thus, although a general degree in a non-related field will not satisfy the specialized instruction test, even where there is no degree, a substantial amount of experience in the relevant field may qualify one for exemption. By requiring a bachelor's degree in social work, human services, or a related field along with three years of work experience providing community-based social support, Children's Services has established the necessary demands to satisfy the educational prong for professional exemption.

The DOL opinion letter relied on by Chatfield which refused to characterize a caseworker's bachelor's degree in the "social sciences" as specialized instruction does not conflict with my decision. The "social sciences" are broadly defined as including sociology,

psychology, anthropology, economics, political science, and history. *American Heritage Dictionary* (4th ed. 2000). In contrast, Children's Services requires applicants to hold a specialized degree in a field related to the work they will perform. Alternatively, an applicant is required to have seven years of experience in a related field. This alternative requirement of seven years of work experience providing community-based social support is significantly greater than any of the experience requirements found to be insufficient to qualify for exempt status. These requirements satisfy the third test for an exempt position.

Having determined that Chatfield is an exempt professional, I find he therefore is not entitled to overtime pay. Children's Services motion for summary judgment shall be granted.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHON CHATFIELD | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CHILDREN'S SERVICES, INC., | : | NO. 07-2267 |

## **ORDER**

And now, this 20th day of May, 2008, IT IS HEREBY ORDERED that Chatfield's

Motion for Summary Judgment (Dkt. # 25) is DENIED and Children's Services Motion for

Summary Judgment (Dkt. # 26) is GRANTED.

BY THE COURT:

/s/ J. William Ditter, Jr.
J. WILLIAM DITTER, JR., S.J.